UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER GLEN GABRIEL,<br><br>　　　　　　　Plaintiff,<br><br>　　-against-<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　Defendant. | **MEMORANDUM AND ORDER**<br><br>Case No. 2:21-CV-01508 (FB) |

*Appearances*:
For the Plaintiff:
CHARLES E. BINDER
Law Offices of Charles E. Binder
and Harry J. Binder, LLP
485 Madison Avenue, Suite 501
New York, NY 10022

For the Defendant:
JACQUELYN M. KASULIS
United States Attorney
By: JOSHUA R. SUMNER
Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, MD 21235

**BLOCK, Senior District Judge:**

　　Plaintiff Christopher Gabriel ("Gabriel") seeks review of the Defendant the Commissioner of Social Security's ("Commissioner") denial of his application for Social Security disability insurance benefits. Both Gabriel and the Commissioner move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, Gabriel's motion is granted in part and denied in part, and the Commissioner's motion is denied. The case is remanded for further proceedings consistent with this Memorandum and Order ("M&O").

1

## BACKGROUND

Gabriel applied for disability insurance benefits on July 28, 2016, alleging disability as of September 4, 2015, because of degenerative disc disease of the cervical and lumbar spine and seizure disorder. An initial review denied his claims. An administrative law judge ("ALJ") found Gabriel not disabled in a decision dated December 27, 2019. After Gabriel requested review of the ALJ's decision, the Appeals Council denied review on January 27, 2021.

## DISCUSSION

District courts reviewing the Commissioner's determinations under 42 U.S.C. § 405(g) must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Rucker v. Kijakazi*, 48 F.4th 86, 90-91 (2d Cir. 2022). A reviewing district court may not conduct a de novo review or substitute its own judgment for that of the ALJ, *see Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), reversing the ALJ "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (cleaned up). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (cleaned up). The

ALJ's legal conclusions are not entitled to deference by reviewing courts "where an error of law . . . might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (cleaned up).

The Commissioner employs a five-step inquiry to evaluate Social Security disability claims. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). At steps one and two, the ALJ found that Gabriel had not performed substantial gainful activity since his alleged onset date and had severe impairments of degenerative disc disease of the cervical spine and lumbar spine and seizure disorder. At step three, the ALJ found that these impairments did not meet or equal the severity of the specified impairments in the Listing of Impairments and that Gabriel had the residual functional capacity ("RFC") to perform sedentary work. At step four, the ALJ found that Gabriel could perform his past relevant work as an insurance office manager and telemarketer. Accordingly, the ALJ concluded that Gabriel was not disabled.

In reaching the above decision, the ALJ erred in several aspects. First, the ALJ improperly discounted the opinion of treating physician Dr. Miranda B. Smith by granting her opinion "little weight." Tr. 24. Generally, "[t]he Commissioner must give special evidentiary weight to the opinion of the treating physician.[1]" *See*

---

[1] The 2017 Social Security Administration regulations provide that the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative

3

*Miracolo v. Berryhill*, 286 F. Supp. 3d 476, 497 (E.D.N.Y. 2018). If the treating physician's opinion is supported by substantial evidence, it is controlling; even if the opinion is contradicted by substantial evidence, it is still entitled to "significant weight because the treating source is inherently more familiar with a claimant's medical condition than are other sources." *Santiago v. Barnhart*, 441 F.Supp.2d 620, 627 (S.D.N.Y. 2006). While the ALJ gave several reasons for discounting Dr. Smith's opinion, the MRI evidence and clinical examinations showed significant abnormalities and provide support for Dr. Smith's conclusion that Gabriel is unable to work. Regardless of whether Dr. Smith's opinion is entitled to controlling or significant weight, the ALJ improperly discounted her opinion.

Second, the ALJ improperly substituted his lay judgment for expert medical opinion. *See Riccobono v. Saul*, 796 F. App'x 49, 50 (2d Cir. 2020) ("The ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.") (cleaned up). While the ALJ gave "great weight" to the opinion of Dr. Natalie Litvinsky, Dr. Litvinsky was a non-examining neurologist who addressed only Gabriel's seizure disorder, an issue not raised by this appeal. Accordingly, because

---

medical finding(s), including those from [a claimant's] medical sources"; however, because these regulations apply to disability insurance benefit applications filed "on or after March 27, 2017," and Gabriel filed his application in 2016, the previous standard applies. *See Soto v. Comm'r of Soc. Sec.*, No. 19-CV-4631 (PKC), 2020 WL 5820566, at *3 (E.D.N.Y. Sept. 30, 2020) (quoting 20 C.F.R. § 404.1520c).

4

Dr. Litvinsky did not opine on Gabriel's degenerative disc disease of the cervical and lumbar spine, the ALJ failed to rely on or cite any medical authority that the available MRI and clinical examination evidence did not support Dr. Smith's opinions regarding Gabriel's disability. The ALJ thus improperly substituted his lay opinion for expert medical opinion.

Third, the ALJ improperly discounted Dr. Smith's opinion "merely because [s]he has recommended a conservative treatment regimen." *Burgess*, 537 F.3d at 129. However, given Gabriel's past difficulties with opiate addiction, it was certainly reasonable for Dr. Smith to take a cautious approach in prescribing medication. The ALJ thus "improperly characterized the fact that [the doctor] recommended only conservative [treatment] as substantial evidence that plaintiff was not physically disabled during the relevant period." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

Fourth and finally, the ALJ improperly discounted Gabriel's subjective testimony of debilitating lower back pain by dismissing it as "not entirely consistent with the medical evidence." Tr. 21. Based on Dr. Smith's opinion and evidence, there appears to be a basis for subjective complaints. Accordingly, the ALJ must reassess Gabriel's subjective complaints in light of the factors the regulations proscribed for evaluating his testimony. *See Williams v. Berryhill*, No.

5

17-CV-1660 (JMA), 2019 WL 1271647, at *6 (E.D.N.Y. Mar. 19, 2019) (citing 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3)).

The Court will remand, rather than reverse solely for a calculation and award of benefits, the Commissioner's decision.  *See Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir. 2000) (when the record is not entirely persuasive with respect to the Plaintiff's disability, remand is appropriate).  Accordingly, Gabriel's motion is GRANTED in part and DENIED in part, and the Commissioner's motion is DENIED.  Consistent with this M&O, the Commissioner is directed on remand to properly weigh Dr. Smith's opinion, assess the medical evidence concerning the degenerative disease of the spine, and reassess Gabriel's subjective complaints.

Without casting doubt or aspersions on any person or party, this matter has been pending for almost nine years since Gabriel first filed for disability insurance benefits.  This delay represents an egregious failure of the administrative and judicial system — including, unfortunately, this district court — to timely address Gabriel's claim.  The Second Circuit is mindful of the "often painfully slow process by which disability determinations are made, and that a remand for further evidentiary proceedings (and the possibility of further appeal) could result in substantial, additional delay."  *See Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005) (cleaned up).

6

To address these delays, district courts may "set a time limit for action by the administrative tribunal, and this is often done," *see Zambrano v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981), and district courts have often imposed time limits because of the ALJ's errors at steps one through four of the inquiry. *See, e.g.*, *Murphy v. Saul*, No. 20-CV-261 (RPK), 2021 WL 1318044, at *1 (E.D.N.Y. Apr. 8, 2021) (imposing time limits for ALJ's failure to apply correct legal standard for assessing the plaintiff's date of disability); *Smith v. Saul*, No. 18-CV-148F, 2019 WL 2537297, at *7 (W.D.N.Y. June 20, 2019) (120-day limit); *Catsigiannis v. Astrue*, No. 08-CV-2177 ENV LB, 2013 WL 2445046, at *5 (E.D.N.Y. June 4, 2013) (60-day deadline where ALJ erred in not properly evaluating treating physicians' opinions); *Dambrowski v. Astrue*, 590 F. Supp. 2d 579, 588 (S.D.N.Y. 2008) (imposing time limits).

Accordingly, the Court directs the ALJ to complete further proceedings within 60 days of the issuance of this order and, if that decision is a denial of benefits, a final decision of the Commissioner be rendered within 60 days of Gabriel's appeal from the ALJ's decision.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　/S/ Frederic Block　　　　　　
　　　　　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
February 16, 2024